JOURNAL ENTRY AND OPINION
Defendant, Lenore Kline, has filed a timely application for reopening pursuant to App. R. 26(B). She is attempting to reopen the appellate judgment that was rendered by this court in State v. Kline (Dec. 14, 2000), Cuyahoga App. No. 77057, unreported. In that opinion, we affirmed defendant's convictions for three misdemeanor traffic offenses. We decline to reopen Kline's original appeal for the following reasons:
The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Ms. Kline sought to appeal her case to the Supreme Court of Ohio, which denied her appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issue listed in the application for reopening could have been raised, res judicata now bars re-litigation of this matter. We further find that the application of resjudicata would not be unjust.
Additionally, we find Kline's sole assignment of error to be moot. In her application, Kline, through counsel, states that the trial court committed error in accepting appellant's no contest plea. A review of the record indicates that Ms. Kline satisfied all her fines and costs on May 23, 2001. "Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston (1994), 71 Ohio St.3d 224,643 N.E.2d 109, citing to State v. Wilson (1975), 41 Ohio St.2d 236,325 N.E.2d 236, and State v. Berndt (1987), 29 Ohio St.3d 3,504 N.E.2d 712. See also Rocky River v. Zahn (Oct. 3, 1996), Cuyahoga App. No. 68970, unreported, and Cleveland v. Bawa (June 3, 1996), Cuyahoga App. No. 69089, unreported.
In the matter, sub judice, Kline has not affirmatively demonstrated to this court that these convictions caused her to suffer some legal disability or loss of civil rights.[1] Accordingly, we deny her application.
Application denied.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.
[1] On August 8, 2001, this court, sua sponte, granted Kline fourteen days leave to demonstrate to this court any legal disability or loss of civil rights she suffered as a result of these convictions.