THE STATE OF OHIO, APPELLANT, *v.* BERNDT, APPELLEE.

[Cite as State *v.* Berndt (1987), 29 Ohio St. 3d 3.]

(No. 86-228 — Decided March 4, 1987.)

*Terry L. Lewis,* for appellant.
*Daniel J. O'Brien,* for appellee.

DOUGLAS, J.   Although the state presents arguments relating solely to the denial of appellee's motion to vacate his plea of guilty, this ruling was not appealed and is therefore not properly before this court. For the following reasons, we hold that the court of appeals should have dismissed the appeal from the judgment of conviction on the basis that it was moot. Accordingly, we reverse the judgment of that court and reinstate the judgment of the trial court.

This court has held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State* v. *Wilson* (1975), 41 Ohio St. 2d 236, 70 O.O.2d 431, 325 N.E. 2d 236, syllabus. The burden of presenting evidence that he has such a "substantial stake in the judgment of conviction" is upon the defendant. *Id.* at 237, 70 O.O.2d at 432, 325 N.E. 2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights.

A thorough review of the record reveals that appellee has offered no such evidence. Nowhere can there be found any reference to a claim of collateral disability or loss of civil rights resulting from his conviction.

Appellee's brief below is directed solely to matters such as the trial court's failure to comply with Crim. R. 11(E), its allegedly erroneous acceptance of appellee's waiver of counsel, and the failure of police to advise him of his *Miranda* rights. The only discussion therein that could even arguably be characterized as a claim of collateral disability is appellee's statement that the existence of this conviction will enhance his penalty in the event he is again convicted of the same offense. However, this cannot fairly be described as a collateral disability within the meaning of *Wilson,*

*supra,* since no such disability will exist if appellee remains within the confines of the law.

In his brief to this court, appellee again makes no mention of any claimed disability or loss of civil rights stemming from this conviction. Thus, the appeal is moot under *Wilson, supra.* See, also, *Oakwood v. Sexton* (1983), 10 Ohio App. 3d 160, 10 OBR 213, 461 N.E. 2d 22.

Based on the foregoing, we hold that where the appellate court hears and decides an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed. In the instant cause, the court of appeals should have dismissed appellee's appeal from the trial court's judgment of conviction since that appeal was moot. Therefore, the judgment of the court of appeals reversing the trial court's decision and remanding for further proceedings is hereby reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

SWEENEY, LOCHER and HOLMES, JJ., concur.

MOYER, C.J., WRIGHT and H. BROWN, JJ., dissent.

HERBERT R. BROWN, J., dissenting. I must respectfully dissent from (1) the determination by the majority that the appeal is moot, (2) the holding that an appeal from a conviction founded upon a plea of guilty does not raise the lawfulness of that plea and (3) the suggestion that the trial judge's failure to inform the defendant of three of the five requirements imposed upon him by Traf. R. 8(D) before a defendant enters a plea of guilty can be ignored simply because the defendant thereafter serves a short jail sentence.

In all three respects, the majority has acted *sua sponte* upon a basis not suggested in the briefs submitted by appellant or appellee. In overturning the unanimous ruling by the court of appeals below, the majority misreads the record and misapplies well-established legal precedent.

The majority, in finding this appeal moot, relies upon its determination that under *State v. Wilson* (1975), 41 Ohio St. 2d 236, 70 O.O.2d 431, 325 N.E. 2d 236, appellee completed his sentence and thus may not attack his conviction. The record reflects that appellee was fined $150, sentenced to three days of incarceration, and that his driver's license was suspended for sixty days. The fine and jail term have been satisfied but the trial court rendered an order staying execution of the remainder of appellee's license suspension.[2] Consequently, appellee's sentence was not completed. The

---

[2] The order of the trial judge, entered August 9, 1984, provides:

"Pending Appeal, the Court does hereby suspend the further execution of the sentence

syllabus to *Wilson, supra,* does not apply and this appeal should not be dismissed as moot.

Although this alone eliminates the foundation for the majority determination, I believe that *Wilson* was incorrectly applied to the facts of this case, for a second reason. The court in *Wilson* held at 237, 70 O.O.2d at 432, 325 N.E. 2d at 237, that "[t]he issue of mootness of a criminal case arises *only* if it is shown that there is *no possibility* that *any* collateral legal consequences will be imposed upon the basis of the challenged conviction." (Emphasis added.) Accordingly, appellee's case is not moot if, from the record in these proceedings, án inference can be drawn that appellee will suffer some collateral disability or loss of civil rights from the judgment of conviction.

The United States Supreme Court has ruled that the "mere release of the prisoner does not mechanically foreclose consideration of the merits" challenging his conviction. *Sibron* v. *New York* (1968), 392 U.S. 40, 51 (case not moot since defendant could not appeal case before completion of sentence, and the conviction could be used for impeachment and sentencing purposes in future criminal proceedings); *Carafas* v. *LaVallee* (1968), 391 U.S. 234, 237 (as a result of conviction, state law would preclude defendant from serving as an official of a labor union, engaging in certain businesses, serving as a juror and voting in elections); *Ginsberg* v. *New York* (1968), 390 U.S. 629, 633-634, at fn. 2 (possibility that defendant's license to operate a luncheonette might be withdrawn in consequence of his conviction); *Pollard* v. *United States* (1957), 352 U.S. 354, 358 (possibility of consequences collateral to the imposition of sentence sufficiently substantial to justify reaching the merits of the sentence imposed); *United States* v. *Morgan* (1954), 346 U.S. 502, 512-513 ("[s]ubsequent convictions may carry heavier penalties, civil rights may be affected").

The *Sibron* court, commenting on *Pollard, supra,* noted that "the Court abandoned all inquiry into the actual existence of collateral consequences and in effect presumed that they existed." *Sibron, supra,* at 55. Moreover, the court "acknowledged the obvious fact of life that most criminal convictions do in fact entail adverse legal consequences." *Id.* Similarly, Justice Herbert, concurring in *Wilson,* stated at 238, 70 O.O.2d at 433, 325 N.E. 2d at 238, that in his view, "judicial notice can be taken of

---

pertaining to the suspension of driving privileges of the Defendant previously rendered herein on July 18, 1984, and does hereby ORDER that the Ohio Department of Highways, Bureau of Motor Vehicles, State of Ohio immediately return to the Defendant herein his Indiana Driver's License. If said Bureau of Motor Vehicles has sent said driver's license to the State of Indiana, it is hereby ORDERED that the Indiana Department of Motor Vehicles immediately return the same to the Defendant upon presentation of a certified copy of this ORDER."

See *State* v. *Benson* (1986), 29 Ohio App. 3d 109, 29 OBR 123, 504 N.E. 2d 77, wherein the Court of Appeals for Franklin County enunciated a standard to avoid the claim of mootness under *Wilson,* a standard that has been met by the defendant herein.

the 'collateral disability' which accompanies the acquisition by an adult of a criminal record, and that such harm is of sufficient magnitude to overcome a charge of mootness.''

The record in this case amply demonstrates collateral disability sufficient to meet the standard set in *Wilson, supra,* and in the above-noted line of federal authority. First, appellee's conviction was to be sent to the state of Indiana where appellee resides.[3] Second, judicial notice may be taken of the statutes which provide loss of rights and enhanced penalty for subsequent D.W.I. violations by reason of appellee's conviction in this case.[4] Finally, appellee has asserted adverse financial consequences from his conviction.[5]

Such collateral disabilities were specifically recognized by the court of appeals which noted, "[b]ecause of the financial impact and other possibly adverse ramifications of a D.W.I. conviction, we believe a decision to waive counsel may well be influenced by this lack of critical information." The court of appeals held that there was a lack of substantial compliance with Traf. R. 8(D) since, at arraignment, appellee was not advised of his right to bail, his right to remain silent, and that a record of his conviction would be forwarded to the Bureau of Motor Vehicles and become part of his permanent driving record. The court below concluded that "the failure to advise an uncounseled, incarcerated layman of these rights and consequences" is a shortcoming from which prejudice must be presumed. See *State* v. *Hays* (1982), 2 Ohio App. 3d 376, 2 OBR 434, 442 N.E. 2d 127.

The majority seems to suggest that, in any event, no appeal may be considered here due to the lack of an appeal from the trial court to the court of appeals of the denial of defendant's motion to set aside his guilty plea. Such a suggestion is contrary to the ruling case law in Ohio. See, *e.g.,* our holding in *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257, 24 O.O.3d 344, 436 N.E. 2d 1034. In *Maritime Manufacturers,* this court held that the court of appeals did not lack jurisdiction to hear an appeal where the notice of appeal specified that the appeal was taken from the order denying a motion for new trial rather than from the final judgment entered on the merits. Therein, we said:

---

[3] R.C. 4509.36 provides that a certified copy of the conviction of a nonresident be transmitted to the state of which the defendant is a resident. Indiana Code Section 9-11-2-3 provides for enhanced penalties for subsequent D.W.I. convictions.

[4] R.C. 4511.99(A)(1), (2) and (3) and 4507.16(B)(1), (2) and (3) extend the consequences of conviction for D.W.I. beyond the sentence by reason of the disability imposed should the defendant face a D.W.I. charge in the future. This is the precise disability held by the United States Supreme Court in *Sibron* v. *New York, supra,* and in *United States* v. *Morgan, supra,* to obviate the mootness contention.

[5] Conviction for D.W.I. could affect the defendant's insurance rates and his status as a bonded employee. Defendant has not specifically made a record of such disabilities though his brief and the court of appeals in its opinion both mention "financial impact and other possibly adverse ramifications."

"* * * [S]trict construction of App. R. 3(C) by the Court of Appeals is, however, inconsistent with the general attitude taken by this court toward the construction of procedural rules, case law of Ohio, the purpose underlying the notice of appeal requirement, as well as with the position of the United States Supreme Court.

"This court has long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice.* * *" *Id.* at 258, 24 O.O.3d at 345, 436 N.E. 2d at 1035.

This court further explained that the purpose of a notice of appeal is to inform the opposite party of the taking of an appeal, and noted that " '* * * [i]f this is done beyond [the] danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished.' " *Id.* at 259, 24 O.O.3d at 345, 436 N.E. 2d at 1036, quoting *Couk v. Ocean Acc. & Guar. Corp., Ltd.* (1941), 138 Ohio St. 110, 116, 20 O.O. 65, 67, 33 N.E. 2d 9, 12.

In the case *sub judice*, the defendant made timely appeal from his conviction and raised, by assignments of error, the same issues attacked by his unsuccessful motion to set aside his guilty plea. Both parties understood and briefed these issues and the court of appeals rendered its opinion thereon. Indeed, it was the faulty plea of guilty which was the essence of defendant's appeal; not action by the trial judge in a post-conviction motion.

It is clear that the prosecution was not surprised or misled, and the prosecutor (appellant herein) has not even suggested the novel basis for disposing of this appeal which the majority adopts. Thus, if there were a mistake in the order appealed from, and I do not believe there was, such should be treated as harmless error. *Foman v. Davis* (1962), 371 U.S. 178 (reversing the dismissal of an appeal because of the failure to specify in the notice of appeal that review was sought of the original judgment as well as the district court's denial of motions to vacate the judgment and amend the complaint).

The final flaw in the majority opinion lies in the application of the *Wilson* doctrine to a conviction which rests solely on a plea of guilty received in admitted violation of three of the five requirements imposed upon the trial judge by Traf. R. 8(D) as a precondition to acceptance of such a plea. The thrust of *Wilson, supra,* as applied by the majority, denies a defendant the opportunity to challenge a guilty plea entered subsequent to a blatant disregard for plea-acceptance procedures. Justification for this is, ironically, found in the fact that defendant submitted to the incarceration imposed by reason of his flawed guilty plea. Thus, the defendant who has served his sentence is penalized when the very issue is the guilty plea which gave rise to that sentence.[6]

---

[6] Would any appellate court refuse to examine a guilty plea entered as the result of torture or offer of financial reward simply because the pleading defendant had served a sentence after entering the plea?

To the extent the holding in *Wilson, supra,* can be read to support such a manifest injustice, that holding should be modified, explained or limited to its facts.[7]

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

---

[7] The underlying theory of *Wilson* can be questioned. Oliver Wendel Holmes, J., spoke as follows in *Commonwealth* v. *Fleckner* (1896), 167 Mass. 13, 15, 44 N.E. 1053:

"We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction, * * * merely because a wrongly convicted person has paid his fine or served his term."

Judge Doyle of the Court of Appeals for Lorain County, in *Avon* v. *Popa* (1953), 96 Ohio App. 147, 151, 54 O.O. 226, 228, 121 N.E. 2d 254, 256, elaborated on Holmes' observation as follows:

"In answering a claim that, after the payment of a penalty imposed, the matter becomes moot, we refer to the statement of Holmes, J., set out above. The disgrace and legal discredit remain. It would seem that, in holding the matter moot, we are forgetting the public morals and citizenship aspects of a criminal conviction: that we are placing a criminal case in the same category as a civil case. The claim of moot we believe to be untenable."