OPINION
Defendant-appellant Clara Golding appeals from her conviction and sentence for Criminal Trespass. She contends that her conviction is against the manifest weight of the evidence, and that the trial court erred by trying her without a jury. The State contends that Golding's appeal is moot, because she has paid the fine and court costs. We agree with the State. Accordingly, this appeal is Dismissed as moot.
 I
Golding and Douglas Hobbs were involved in a battle for custody of their daughter, Ashley. On November 30, 1998, shortly before the end of the school day, Golding removed Ashley from school at Northridge School, intending to enroll her at school in London, Ohio, where Golding resided. It appears that Golding may have had an order granting her custody of Ashley at this time, although the record is confusing in this respect.
The next morning, December 1, 1998, Hobbs, who may have obtained a court order, or some clarification of an existing court order, pertaining to Ashley's custody, brought Ashley to Northridge School, and informed her teacher that he had custody, and that Golding should not be permitted to remove Ashley from school. From the evidence in the record, it appears that Golding was waiting in a school parking lot until the commencement of school, when she went to Ashley's classroom, and removed Ashley from class. It appears that Hobbs became aware of this, and gave chase. Evidently, Hobbs arrived at the vehicle Golding was using in time to damage the windshield in a vain attempt to prevent Golding from leaving with their daughter.
Golding was charged with Criminal Trespass. The complaint alleged that Golding, without privilege to do so, "recklessly entered or remained on the land or premises of another (Northridge School) as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders . . .," in violation of R.C. 2911.21(A)(3). At her trial, evidence was introduced tending to show that notices were prominently displayed in the hallways that visitors and guests are required to register at the school office, and that students are to be released from the building only through the office.
Golding elicited testimony at her trial that parents commonly entered the building, without registering, to drop off children before school, or to pick up children after school. However, the school officials who testified said that parents were not permitted to withdraw a student before the end of the school day, without first registering at the school office.
Golding filed a request for trial by jury, and a notice for jury trial was sent. As the result of various continuances, trial was held on June 28, 1999. Although Golding had not waived a jury trial, the trial was to the bench, the trial court explaining that it was "treating [the offense] as [a] minor misdemeanor offense for penalty purposes. That means, the maximum possible penalty will be a fine of $100 and costs . . ., and no jail sentence be at risk." Accordingly, Golding was tried to the bench. Furthermore, she was not represented by counsel, and had not requested counsel.
At the conclusion of the trial, the trial court found Golding guilty as charged, fined her $100, and assessed her court costs. The record indicates that the fine and court costs were paid that same day.
From her conviction and sentence, Golding appeals.
 II
As a threshold matter, the State argues that this appeal is moot, the fine and court costs having been paid, and no collateral disability having been demonstrated. The State cites State v.Berndt (1987), 29 Ohio St.3d 3, for this proposition. That holding was distinguished in State v. Golston (1994), 71 Ohio St.3d 224, in which the Ohio Supreme Court held that an appeal from a felony conviction does not become moot even where the defendant has satisfied the entire sentence. However, the Ohio Supreme Court expressly distinguished its holding in Berndt,supra, which involved an appeal from a misdemeanor conviction, giving no indication that it was disapproving that holding.
Accordingly, on the authority of State v. Berndt, supra,
Golding having paid the fine and court costs, and having failed to demonstrate the existence of any collateral disability, this appeal must be dismissed, as moot.
Golding assigned as error that her conviction is against the manifest weight of the evidence, and that the trial court erroneously deprived her of her right to a jury trial. In its brief, the State addressed both of these arguments on the merits. We have reviewed the entire transcript of the trial, and we agree with the State that Golding's conviction is not against the manifest weight of the evidence. As to the jury trial issue, the State recognizes in its brief that this is a more troublesome issue, and we agree that it is, Golding having asserted a statutory right of trial by jury, pursuant to R.C. 2945.17, arising from the fact that the offense with which she was charged was punishable by more than a $100 fine, regardless of the trial judge's announced intention to limit any sanction to a $100 fine. See 1974 Committee Comment to H 511, Page's Ohio Revised Code,Annotated, Title 29, at 841. In view of the mootness of this appeal, it is not an issue that we are called upon to decide.
This appeal being moot, it is DISMISSED.
 __________________ FAIN, J.
BROGAN and YOUNG, JJ., concur.