OPINION
Donald Bell was charged with a speeding violation. When he failed to appear for trial, the trial court ordered that Bell's license be forfeited. The trial notice had been sent to Bell's counsel thirteen days before the scheduled trial date. By counsel, Bell moved to vacate the order of license forfeiture. The motion to vacate stated that Bell had not received his counsel's letter informing him of the trial date until the trial date itself. The trial court overruled the motion. Bell then posted and forfeited a bond of $240, and the trial court recalled the license forfeiture.
On appeal, Bell assigns as error the overruling of his motion to vacate the order of license forfeiture. The State contends the appeal should be dismissed as moot because Bell has posted and forfeited a bond, and the trial court has recalled its order of license forfeiture.
The State relies on State v. Berndt (1987), 29 Ohio St.3d 3, which in turn relies on the syllabus law of State v. Wilson (1995),41 Ohio St.2d 236:
 Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.
Although Bell's reply brief suggests that certain dire consequences may befall him as a result of the bond forfeiture, there is no record support for anything more than mere speculation that these consequences will, in fact, materialize.
Accordingly, this appeal will be dismissed.
 ________________________ WOLFF, J.
FAIN, J. and YOUNG, J., concur.