ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant-appellant, David F. Dantzig, appeals the judgment of the Bedford Municipal Court finding him guilty of failure to yield, in violation of Village of Woodmere Cod. Ord. 331.17. We dismiss appellant's appeal because it is moot.
On December 5, 2000, appellant was cited by a Village of Woodmere police officer for failure to yield when turning left. Appellant pled not guilty to the charge and on February 8, 2001, the case proceeded to a bench trial. The trial court found appellant guilty and sentenced him to a fine of $50 plus court costs. The record reflects that appellant paid the fine and court costs the same day. On March 7, 2001, appellant filed a timely notice of appeal.
Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant offers evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. State v. Golston (1994), 71 Ohio St.3d 224; State v. Wilson (1975), 41 Ohio St.2d 236; State v. Berndt (1987), 29 Ohio St.3d 3.
Here, appellant was convicted of a minor misdemeanor and then paid the fine and court costs in satisfaction of the sentence imposed on him. There is no evidence that appellant paid the fine under protest. Appellant has offered no evidence to this court, and there is none in the record, from which an inference can be drawn that he will suffer some collateral disability or loss of civil rights stemming from the conviction.
Accordingly, appellant's appeal is dismissed as moot.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Bedford Municipal Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and JAMES D. SWEENEY, J., CONCUR.