This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Richard Kingsboro ("Kingsboro"), appeals his conviction in the Elyria Municipal Court. We affirm.
 I.
Kinsgboro was charged with three counts of domestic violence against his son, Alex; his daughter, Carolyn; and his wife, Delores, in violation of R.C. 2919.25(A) and child endangering against Carolyn, in violation of R.C. 2919.22. After a jury trial, Kingsboro was convicted of two counts of domestic violence and one count of child endangering. The trial court sentenced him to serve 180 days in jail and fined him $250. The trial court suspended 150 days of Kingsboro's sentence. The record reflects that Kingsboro satisfied the trial court's judgment by serving his sentence and paying his fine.
When a defendant convicted of a misdemeanor offense satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction.State v. Berndt (1987), 29 Ohio St.3d 3, 4 citing State v. Wilson
(1975), 41 Ohio St.2d 236, syllabus. The defendant bears the burden of presenting evidence that he has a "substantial stake in the judgment of conviction[.]" Wilson, 41 Ohio St.2d at 237.
In the present case, Kingsboro argues that persons convicted of various crimes, including misdemeanor crimes of domestic violence, are prohibited from possessing firearms pursuant to 18 U.S.C. § 922(g)(9). Kinsgboro argues that his collateral legal disability is the loss of his constitutional right to bear arms. Kingsboro has furnished evidence from which an inference can be drawn that he will suffer from collateral disability or loss of civil rights as required by Berndt. Therefore, his appeal is not moot.
Kingsboro's assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR [AN] EXPERT PSYCHOLOGICAL EVALUATION OF CAROLYN KINGSBORO.
In his first assignment of error, Kingsboro argues that the trial court erred in denying an expert psychological evaluation of Carolyn. We disagree.
The decision whether to order a psychological evaluation of a prosecutor's witness is within the sound discretion of the trial court.State v. Stutts (Jan. 2, 1991), Lorain App. No. 90CA004879, unreported, at 6. The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
Crim.R. 16 governs pre-trial discovery in a criminal case. "[W]hen a party seeks to discover materials not identified in Crim.R. 16, some evidence should be presented justifying a departure from standard practice unless such a need is readily apparent." State v. Stutts (Jan. 2, 1991), Lorain App. No. 90CA004879, unreported, at 8. The moving party should demonstrate that the evidence is potentially exculpatory and that he cannot obtain the evidence by other reasonable means. Id.
On appeal, Kingsboro relies on State v. Yockey (Sept. 9, 1987), Wayne App. No. 2257, unreported. In Yockey, this court held that "[t]he idea of requiring a victim to submit to a psychiatric examination to test her credibility is an improper use of the psychiatric examination. * * * A distinction must be made between the competency of a witness to testify and the witness' credibility." Id. at 5.
The record reflects that the trial court held a hearing on Carolyn's competency to testify. Approximately two months after the trial court found that Carolyn was competent to testify, Kingsboro moved the trial court for an expert psychological evaluation of Carolyn. Kingsboro stated as grounds for his motion that Carolyn was subject to daily influence and coercion from her mother's family and that several of his weekly visitations with Carolyn were being missed.
In its judgment entry dated March 6, 2001, the trial court found that Kingsboro failed to show that the prosecution intended to present expert psychological testimony to support its case. Without this showing, the only use of a psychiatric evaluation of Carolyn would be to test her credibility as a witness. It is improper to use a psychiatric evaluation to test a witness's credibility. Id. Accordingly, we cannot say that the trial court abused its discretion in denying Kingsboro's motion for an expert psychological evaluation of Carolyn. Kingsboro's first assignment of error is overruled.
 III.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ALLOWING EVIDENCE TO ENHANCE DELORES KINGSBORO'S CREDIBILITY IN VIOLATION OF EVIDENCE RULES 610 AND 608.
In his third assignment of error, Kingsboro argues that the trial court violated Evid.R. 610 and 608. We disagree.
Kingsboro concedes that he did not object to the challenged testimony at trial and asks us to examine this assignment of error under the plain error doctrine. In criminal cases, plain error is governed by Crim.R. 52(B) which states: "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, notice of plain error under Crim.R. 52(B) is to be taken with extreme caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
Evid.R. 610 states "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature his credibility is impaired or enhanced." Evid.R. 608(A) provides:
 [t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
At trial, Delores testified that she was a Baptist who "follow[s] the Bible literally[.]" Delores was brought up Catholic but converted to the Baptist religion so she could share Kingsboro's faith after they married. Crystal Debrick ("Debrick") testified as a rebuttal witness for the state. Debrick testified that Delores has been her best friend for the past 22 years. She stated that Delores was truthful, honest and "would rather not be looked at well for telling the truth than to deal with her own conscience and telling a lie."
Delores and Debrick's testimony does not rise to the level of plain error. We are not persuaded that there was any undue prejudice in their testimony, and certainly not enough to convince us that the outcome of the verdict would have been otherwise. Kingsboro's third assignment of error is overruled.
 IV.
Assignment of Error No. 4:
 APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his fourth assignment of error, Kingsboro argues that his convictions[1] were against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2919.25(A) provides "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." An offender's spouse and child are within the definition of a family or household member. R.C. 2919.25(E)(1)(a)(i) and (ii). R.C. 2919.22(B)(1) states that no person shall "[a]buse a child" under the age of eighteen years old.
At trial, the prosecution presented three witnesses and one rebuttal witness. Carolyn testified that she no longer lived with Kingsboro in the trailer because he hurt her. Specifically, Kingsboro choked her and threw her to the floor. Carolyn's "front" hurt when she bumped against the floor while Kingsboro held her neck. On another occasion, Carolyn received a bloody nose from Kingsboro. On cross-examination, Carolyn stated that she loved Kingsboro. On a recent visitation with Kingsboro, Carolyn asked for a photograph of the two.
Delores testified that the first incident occurred on July 16, 2000. After a conversation with Kingsboro regarding discipline, Kingsboro grabbed Carolyn by the arm and threw "her around like a rag doll." Kingsboro pushed Delores away when she tried to intervene. Fearful that her presence in the trailer was antagonizing Kingsboro's violent behavior, she left for work. En route to work, she cried and prayed for her children's safety. Carolyn's left eye and cheek were bruised after the incident.
Two days later, Delores and the children went to her mother-in-law's to participate in a family trip to Cedar Point. Delores showed Carolyn's bruises to Kingsboro's mother, Dana, and his sister, Stacey. Stacey gave Delores makeup to cover Carolyn's facial bruises.
On August 11, 2000, Delores returned from work and found Carolyn with a bloody nose and a bruised bottom. Delores immediately took her children to Dana's house. Stacey offered to watch the children while Delores went to work that evening. However, Delores chose to send the children home with Kingsboro.
On August 22, 2000, Kingsboro interrupted a home-school lesson between Delores and Carolyn. Kingsboro insulted Delores' lesson plan. Delores asked Kingsboro to leave because his presence was undermining her lessons. Kingsboro "took [Delores] by the neck and said, I hate you." At trial, Delores laughed while testifying about this choking incident.
Stacey testified that in July she saw Carolyn's facial bruises and in August she saw Carolyn's bruised bottom. On cross-examination, Stacey testified that Carolyn explained that the injuries occurred when Kingsboro pulled her out of a window and Carolyn fell, hit the floor and bumped her nose.
The defense presented five witness. As a defense witness, Stacey testified that a photograph of Carolyn at Cedar Point accurately reflected her appearance. Dana testified that there was a slight, thin bruise over Carolyn's noise that was not visible in the photograph. Dana stated that in 1999, Delores made a hysterical phone call alleging that Kingsboro had beaten their other child, Aubrey, "black and blue." Later that day, Dana examined Aubrey and found no signs of bruises or injuries. Delores stated that she exaggerated the situation.
Christine Collins, Kingsboro's sister, testified that she saw the bruise on Carolyn's nose. Carolyn told her that she had fallen off the couch and hit her nose. On cross-examination, Christine testified that it "was alarming that [Carolyn] had a bruise on her nose." The defense presented two additional witness who testified regarding Kingsboro's peaceful reputation.
After reviewing the evidence, we cannot conclude that the trier of fact lost its way or created a manifest miscarriage of justice. Evidence was presented that established the elements of domestic violence against Delores and endangering children regarding Carolyn. The jury did not lose its way in convicting Kingsboro. The evidence does not weigh heavily in Kingsboro's favor, and the convictions are not against the manifest weight of the evidence. Kingsboro's fourth assignment of error is overruled.
 V.
Assignment of Error No. 2:
 APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE AGAINST HIS WIFE WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
In his second assignment of error, Kingsboro argues that his conviction for domestic violence against Delores was not supported by sufficient evidence. We find that he waived any objection under Crim.R. 29 to the sufficiency of the evidence.
"A defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." State v. Liggins (Aug. 18, 1999), Summit. App. No. 19362, unreported, at 3. In the present case, Kingsboro failed to move for an acquittal pursuant to Crim.R. 29 at trial. We find that Kingsboro waived any objection under Crim.R. 29 to the sufficiency of the evidence and he may not challenge the sufficiency of the evidence on appeal.
Kingsboro's second assignment of error is overruled.
 VI.
Having overruled Kingsboro's four assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] We note that Kingsboro is challenging only his: 1) conviction of domestic violence against Delores and 2) conviction of endangering children regarding Carolyn.