JOURNAL ENTRY and OPINION.
{¶ 1} Following a trial to the bench, defendant-appellant Quincy Smith appeals from his convictions and sentences for gross sexual imposition and unlawful sexual conduct with a minor.
 {¶ 2} Appellant argues the judgment entry of his sentence is improper. He contends the sentencing entry incorrectly indicates the trial court informed him at the hearing that, for his conviction of gross sexual imposition, post-release control was a part of his sentence. Appellant also contends the trial court considered count four, unlawful sexual conduct with a minor, to be a felony rather than a misdemeanor.
 {¶ 3} Appellant further argues the trial court could not logically find him not guilty of rape, but guilty of gross sexual imposition. Finally, appellant argues his conviction for unlawful sexual conduct with a minor is unsupported by sufficient evidence.
 {¶ 4} This court has reviewed the record with appellant's arguments in mind, and finds he is only partially correct. Although his convictions and a portion of his sentence are affirmed, his case is remanded only for the purpose of correcting the journal entry of sentence.
 {¶ 5} The sentencing entry must be corrected to reflect the proper designation of appellant's conviction on count four. Furthermore, the majority of this panel determines that the portion of the sentencing entry that purports to impose post-release control upon appellant must be deleted, based upon this court's decision in State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402.[1]
 {¶ 6} This writer, as a minority of the panel, however, would remand appellant's case for an additional purpose pursuant to State v.Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839. In this writer's view, a new sentencing hearing should be ordered and the trial court directed to inform appellant, based upon his conviction for gross sexual imposition, that he is subject to mandatory post-release control.
 {¶ 7} Appellant's convictions result from an incident that occurred
 {¶ 8} on the night of April 26, 2001. Two girls, E.S.,[2] who would be turning sixteen in May, and her friend, Shannon, were using the sidewalk to return to E.S.'s home after a visit with Shannon's boyfriend.
 {¶ 9} As they came to an intersection at which a grocery was located, the girls saw standing outside two young men whom they knew, eighteen-year-old appellant and Damien Pace. The men also noticed the girls. They greeted the girls and approached.
 {¶ 10} When appellant came near E.S., he draped his arm over her shoulders in a familiar manner. Pace gave his attention to Shannon. The girls kept walking as they spoke with the young men.
 {¶ 11} Within a short time, appellant had drawn E.S. away from Shannon and into the backyard of a nearby house. It is undisputed that appellant and E.S. thereupon engaged in sexual activities on the house's porch stairs. As the encounter was concluding, Pace interrupted appellant to ask if he were done. Appellant responded by pulling up his pants and simply leaving E.S. where she lay.
 {¶ 12} E.S., distraught, rejoined Shannon, claiming appellant had raped her. The girls returned to Shannon's boyfriend's house to telephone for help.
 {¶ 13} E.S.'s parents quickly transported her to the nearest emergency room, where she was examined for evidence of rape. The nurse who was present during the examination indicated E.S. expressed a withdrawn and tearful attitude, wore clothing that appeared to be in some disarray, bore a forming bruise on her left inner thigh, and had what appeared to be a fresh laceration of the right labia and fresh abrasions inside her vagina. The physical examination failed, however, to yield any material that could be subjected to forensic analysis. Upon being confronted by the police detective investigating the case, appellant voluntarily gave a written statement in which he asserted E.S. had given her consent to the sexual activity.
 {¶ 14} Appellant subsequently was indicted on four counts as follows: 1) Rape, R.C. 2907.02(A)(2); 2) Gross sexual imposition, R.C.2907.05(A)(1); 3) Kidnapping, R.C. 2905.01; and, 4) Unlawful sexual conduct with a minor, R.C. 2907.04. Eventually, appellant elected to have the case tried to the bench. He was indicted in the meantime on drug charges in another case.
 {¶ 15} At appellant's trial, the state presented the testimony of E.S., her mother, a police forensic investigator, the case detective, and the emergency room nurse. The state also introduced into evidence, inter alia, the clothing E.S. had worn to the emergency room.[3] Appellant testified in his own behalf.
 {¶ 16} After hearing the testimony, viewing the exhibits, and hearing the arguments of counsel, the trial court determined appellant was not guilty of either rape or kidnapping, but was guilty of gross sexual imposition and unlawful sexual activity with a minor. He was referred to the probation department for a presentence investigation and report. Before appellant's case was called for sentencing, he entered into a plea agreement with the state regarding the pending drug charges.
 {¶ 17} The trial court ultimately sentenced appellant in this case to concurrent terms of incarceration of one year and six months. These terms also were to be served concurrently with the term imposed in the drug case. The journal entry of sentence mistakenly refers to count four as an "F-4" offense; it further indicates appellant is subject to post-release control pursuant to R.C. 2967.28.
 {¶ 18} Appellant presents the following four assignments of error:
 {¶ 19} "1. Trail court (sic) failed to advise appellant of mandatory post release control sanctions imposed as a part of sentencing.
 {¶ 20} "2. The trial court erred in rendering inconsistent verdicts when it found Mr. Smith not guilty of rape but guilty of gross sexual imposition.
 {¶ 21} "3. The evidence was insufficient to support a finding of guilt as to the charge of unlawful sexual conduct with a minor because appellant did not know, and was not reckless in his failure to know, that [the victim] was less than sixteen years of age.
 {¶ 22} "4. The trial court erred in convicting and sentencing Mr. Smith of unlawful sexual conduct with a minor as a felony of the fourth degree when the facts rendered it a first degree misdemeanor."
 {¶ 23} Appellant argues in his first assignment of error that the trial court erred in stating in its journal entry of sentence that post-release control is a part of his sentence. He argues that because the trial transcript reflects the trial court failed to notify him during the sentencing hearing that he was subject upon his release from prison to the post-release control provisions of R.C. 2929.19(B), they do not apply. The majority of this panel determines appellant's argument has merit.
 {¶ 24} The majority of this panel, viz., Patricia Ann Blackmon, J. and Diane Karpinski, J., follows earlier decisions of the Ohio Eighth District Court of Appeals set forth in cases such as State v. Newman
(Jan. 31, 2002), Cuyahoga App. No. 80034. Based upon this authority, since the trial court failed to mention the mandatory requirement of post-release control as set forth in R.C. 2929.19(B)(3)(c), it is not a part of appellant's sentence.
 {¶ 25} This writer, however, would find appellant's argument only partially persuasive. This writer follows decisions of the Eighth District that hold the trial court's notification duty with regard to post-release control is simply a ministerial one which is mandated by law. State v.Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051; State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053.[4] This does not render that portion of the sentence to be a nullity; rather, lacking discretion in the matter, the trial court simply is required to hold a new sentencing hearing in order for it to correct its failure to notify a defendant who is subject to post-release control provisions. Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171; State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136.
 {¶ 26} The transcript of the sentencing hearing in this case reveals the trial court did not address this requirement with appellant. Since this court presumes appellant has served his sentence, the majority of this panel sustains his first assignment of error in its entirety.
 {¶ 27} In his second assignment of error, appellant argues he could not properly be acquitted of rape, which implies the element of force remained unproven, but found guilty of gross sexual imposition, which requires establishment of the element of force. He contends the inconsistency between these results merits a reversal of his conviction for gross sexual imposition. This court disagrees.
 {¶ 28} A similar situation was faced by the court in State v.Collins (Sept. 22, 1995), Athens App. No. 94CA1639, discretionary appeal not allowed, State v. Collins (1996), 74 Ohio St.3d 1510. In Collins, the Fourth Ohio Appellate District declined to overturn an defendant's rape conviction in a bench trial case in which the defendant also had been convicted of sexual battery for several reasons as follows:
 {¶ 29} First, because the trial court served the same fact-finding function as a jury would have; thus, it could have found either that the elements of the lesser-included offense were proven but an element of rape was not, or that the crimes were committed at different times under different circumstances. Second, consistency in verdicts on different counts of an indictment is unnecessary, because "it is unclear whose ox has been gored;" i.e., the trier-of-fact just as likely may have favored the defendant rather than the state in reaching the "inconsistent" verdicts. Third, the Ohio Supreme Court, in State v. Hicks (1989),43 Ohio St.3d 72, refused to overturn a guilty verdict under these circumstances.
 {¶ 30} This case presents just such a quandary as faced by the appellate court in Collins. The trial court could have determined that E.S. initially consented to the sexual conduct, but withdrew her consent before sexual contact was made when she discovered appellant's motivation was not what she had envisioned.
 {¶ 31} In a previous appeal in which the defendant was acquitted of rape but convicted of gross sexual imposition in a bench trial, this court has held "it is not necessary to fashion a higher standard for judges" than juries, thus permitting the ostensibly inconsistent verdict to stand. State v. Lynch (Mar. 30, 1989), Cuyahoga App. No. 53633. Accord, State v. Pies (Dec. 17, 1999), Hamilton App. Nos. C-990241, C-990242.
 {¶ 32} Therefore, appellant's second assignment of error is overruled.
 {¶ 33} Appellant's third and fourth assignments of error are addressed together. In them, he argues his conviction for unlawful sexual conduct with a minor was unsupported by sufficient evidence. He further argues the trial court improperly considered this conviction to constitute a felony rather than a misdemeanor.[5] Appellant's arguments, however, are moot in part.
 {¶ 34} In a case in which "a defendant convicted of a [misdemeanor] offense] has voluntarily paid the fine or completed thesentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such * * * conviction." State v. Berndt (1987), 29 Ohio St.3d 3 (Emphasis added); cf., State v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109.
 {¶ 35} The record in this case demonstrates appellant received his sentence on April 23, 2002. His sentence for the conviction for unlawful sexual conduct with a minor was six months; it was, moreover, to be served concurrently with his sentence for the conviction for gross sexual imposition.[6]
 {¶ 36} Appellant's appeal was scheduled to be heard in this court on March 4, 2003. Since appellant neither sought nor was granted a stay of execution of his sentence for this offense, this court presumes appellant has served the sentence imposed. Cleveland v. Oudeh (Nov. 3, 1994), Cuyahoga App. No. 66174.
 {¶ 37} Under these circumstances, appellant's third assignment of error is moot. To the extent his fourth assignment of error has merit, the panel makes the following disposition:
 {¶ 38} Appellant's convictions are affirmed. Appellant's sentences are affirmed in part and vacated in part.
 {¶ 39} Based upon the majority decision of this panel, this case is remanded only for the purpose of correcting the judgment entry of sentence. The trial court is directed to correct the judgment entry of sentence to reflect appellant's conviction on count four was a first degree misdemeanor, and to delete the reference that post-release control is a part of appellant's sentence.
[1] The Ohio Supreme Court has accepted that case for review based upon a certification that a conflict exists. State v. Finger, 2003-Ohio-1946.
[2] In accordance with this court's policy, the minor victim is referred to only by her initials.
[3] The clothing is not included in the record on appeal.
[4] With all due respect to the position taken by the majority, an appellate court would not allow a trial court intentionally to abrogate a statutory mandate; why then should it permit a trial court negligently to do so?
[5] The record reflects appellant failed to draw the trial court's attention to the mistake contained in the judgment entry of sentence that designated count four as an "F-4" rather than a first-degree misdemeanor.
[6] This was an appropriate term for appellant's conviction for a first-degree misdemeanor.