DECISON AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Defendant-Appellant Daniel Crouse has appealed from a decision of the Akron Municipal Court that found him guilty of violating Akron City Code Section 70.20. This Court dismisses the appeal for mootness.
 I {¶ 2} On September 6, 2002, Appellant was driving southbound along Arlington Road when he came to a railroad crossing. As Appellant approached the railroad crossing, the warning gates on the crossing descended and red warning lights began to flash. The vehicle immediately in front of his vehicle, a police cruiser driven by Officer Leonard Stephens, proceeded around the warning gates. Appellant also proceeded around the warning gates. After Appellant bypassed the activated railroad crossing sign, he was stopped by Officer Stephens and ticketed for violating Akron City Code Section 70.20, Obeying Traffic Control Devices.
 {¶ 3} On September 13, 2002, Appellant appeared for arraignment at the Akron Municipal Court and entered a plea of not guilty. The matter then proceeded to a bench trial and Appellant was found guilty of violating Akron City Code Section 70.20. Appellant was fined one hundred dollars. However, the trial court suspended Appellant's sentence, in part. Appellant was ordered to pay twenty-five dollars and the payment of the remaining seventy-five dollars was suspended. Appellant paid the twenty-five dollar fine on September 25, 2002.
 {¶ 4} On October 18, 2002, Appellant filed a motion for reconsideration. Before the trial court could rule on said motion, Appellant timely filed the instant appeal, asserting three assignments of error, which we have consolidated to facilitate review.
 II Assignment of Error Number One
"Akron [City] Code [Section] 70.20 is void for vagueness."
 Assignment of Error Number Two
"Ordinance conflicts with general law and is therefore void."
 Assignment of Error Number Three
"A railroad crossing under [Akron City Code] Section 72.31 is not a `traffic device' under Section 70.20 of the said Ordinance."
 {¶ 5} In Appellant's assignments of error, he has challenged the validity and constitutionality of Akron City Code Section 70.20. However, we decline to address the merits of Appellant's appeal on the ground that said appeal is moot.
 {¶ 6} "As a general rule, courts will not resolve issues which are moot." Boncek v. Stewart, 9th Dist. No. 21054, 2002-Ohio-5778, at ¶ 10, citing Miner v. Witt (1910), 82 Ohio St. 237, syllabus. The court inState v. Berndt (1987), 29 Ohio St.3d 3, established that an appeal is moot where a defendant has paid the fine or completed the sentence imposed by the trial court. See State v. Tolbert, 9th Dist. No. 21203,2003-Ohio-2160, at ¶ 6 ("An appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him." (Emphasis sic.)) The Berndt court held: "`[W]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' State v. Wilson (1975),41 Ohio St.2d 236, syllabus. The burden of presenting evidence that he has such a `substantial stake in the judgment of conviction' is upon the defendant. [Id. at 237.] Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights." Berndt, 29 Ohio St.3d at 4.
 {¶ 7} Additionally, the court in State v. Chevalier (Sept. 26, 1995), 4th Dist. No. 94CA22, 1995 Ohio App. LEXIS 4389, had to determine whether a defendant's appeal was moot because the fine that the trial court imposed on the defendant was suspended and the defendant paid the court-ordered court costs. Relying on State v. Wilson (1975),41 Ohio St.2d 236, certiorari denied (1976), 423 U.S. 936, 96 S.Ct. 295,46 L.Ed.2d 268, the court explained that an appeal is moot if there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction. Chevalier, supra at *5. The court held, however, that because the defendant was also put on probation for one year that the imposition of probation was sufficient to overcome mootness. Id.
 {¶ 8} Here, the trial court only imposed a one hundred dollar fine on Appellant, but "suspend[ed] all over $25.00"; the trial court did not impose probation or any other punishment. Appellant voluntarily paid the twenty-five dollar fine on September 25, 2002. As Appellant has paid the fine imposed by the trial court, and he has failed to offer any evidence which demonstrates some collateral disability or loss of civil rights as a result of his conviction, we find that Appellant's appeal is moot. SeeWilson, 41 Ohio St.2d at 237. Accordingly, the appeal is dismissed.
 III {¶ 9} Appellant's appeal is moot, and is hereby dismissed.
Appeal dismissed.
CARR, P.J. and REECE, J. concur.
(REECE, J., retired judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)