OPINION
{¶ 1} Appellant Laura L. Presutti appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, which imposed a portion of a prior thirty-day suspended sentence. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 22, 2002, appellant was charged with contributing to the delinquency of a minor, based on the truancy of her son from school. Appellant subsequently pled no contest. On October 1, 2002, the trial court sentenced appellant to thirty days in jail on the contributing charge. The court further ordered that the thirty-day sentence would be suspended on the condition that appellant not engage in illegal conduct and that she would cooperate on her juvenile court case plan (including completing a psychological evaluation) instituted by the Tuscarawas County Department of Job and Family Services (TCDJFS) in a related neglect/dependency action, case number 02JN00393, In re AustinLaw, Brianna Law, and McCade Milburn.
 {¶ 3} Based on information the court received from TCDJFS on December 11, 2002, a show cause hearing was set for December 18, 2002. Attorney David Haverfield of TCDJFS represented the state at said hearing, following which the court found appellant to be in violation of the court's orders of October 1, 2002. The court thereupon imposed ten days of the thirty-day sentence, suspending the remainder. Appellant was immediately transported to the Tuscarawas County Jail.
 {¶ 4} On December 20, 2002, appellant filed a motion with the trial court seeking a stay of the ten-day imposition of jail time. However, the trial court denied the motion on December 31, 2002, finding appellant's completion of her ten-day imposition rendered the issue moot. Appellant also sought release from jail pending appeal, via a motion to this Court; however, we denied same on January 7, 2003, for want of documentation of the trial court's overruling of the stay. See App.R. 8(B).
 {¶ 5} Appellant presently raises the following six Assignments of Error:
 {¶ 6} "I. TRIAL COURT ERRED IN ADMITTING STATE'S EXHIBIT `A'.
 {¶ 7} "II. THE TRIAL COURT ERRED IN ADMITTING OVER APPELLANT'S OBJECTION TESTIMONY CONCERNING APPELLANT'S COMPLIANCE WITH THE CASE PLAN.
 {¶ 8} "III. THE TRIAL COURT'S PARTIAL REVOCATION OF APPELLANT'S SENTENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "IV. THE COURT ERRED TO THE PREJUDICE OF APPELLANT IN REVOKING APPELLANT'S PROBATION.
 {¶ 10} "V. IT IS PREJUDICIAL OF (SIC) ERROR AND A VIOLATION OF FUNDAMENTAL DUE PROCESS OF LAW FOR A COURT TO REVOKE AN EXISTING PROGRAM OF PROBATION WITHOUT SERVICE UPON THE PROBATIONER OF SPECIFIC WRITTEN CHARGES.
 {¶ 11} "VI. TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND PREJUDICIAL ERROR IN OVERRULING APPELLANT'S MOTION FOR SUSPENSION OF SENTENCE PENDING APPEAL."
 I., II., III., IV., V., VI. {¶ 12} As an initial matter, we must sua sponte address the issue of potential mootness under the circumstances of this case. As we recently reiterated in State v. Crandell, Licking App. No. 02CA115,2003-Ohio-2512, " `where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " Id., quoting State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236. See, also, State v. Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712 andState v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109. In the case sub judice, it is clear appellant has served the ten days in jail ordered in the judgment entry of imposition under appeal. We further note the actual conviction and original thirty-day suspended sentence of October 1, 2002, are not subject to this appeal. Cf. State v. Leister (October 26, 1990), Lucas App. No. L89-328 (holding that an appellant challenging a revocation of probation who has already served the probation sentence term must demonstrate some collateral disability still in existence from said revocation which could be corrected on appeal.)
 {¶ 13} Upon review, we find no demonstration of appellant suffering collateral disability or loss of civil rights as a result of her presently completed imposition of jail time. Hence, the rule stated in Crandell is applicable to the case sub judice. Accordingly, appellant's First, Second, Third, Fourth, Fifth, and Sixth Assignments of Error are found moot.
 {¶ 14} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby dismissed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.