JOURNAL ENTRY AND OPINION
{¶ 1} Louis Moore appeals from a judgment of Rocky River Municipal Court Judge Maureen A. Gravens, who found him guilty of driving under the influence.[1] He claims that the traffic stop which led to his arrest was made without reasonable suspicion and, therefore, that the judge erred when she denied his motion to suppress evidence of his intoxication. We dismiss the appeal as moot, because Moore voluntarily satisfied his sentence.
 {¶ 2} In August of 2003 then thirty-two-year-old Moore was stopped while driving on Lake Road in Bay Village. He was arrested and charged with weaving,[2] and driving under the influence.[3] He submitted to a breath test at the police station, which revealed his blood alcohol content to be 0.121%.
 {¶ 3} He pleaded not guilty to the offenses and filed a motion to suppress, which claimed that the traffic stop violated his state and federal constitutional rights against unreasonable search and seizure. At the suppression hearing, Officer John L. Guzman testified that he stopped Moore because his car appeared to be weaving when making required lane shifts through a construction zone. Moore argued that the evidence did not support a traffic stop because Officer Guzman admitted that his large SUV did not cross the center line, that the road was rough and the lanes in the construction zone were narrower than usual.
 {¶ 4} The judge denied Moore's motion to suppress, the weaving charge was nolled, and he pleaded no contest to an amended charge of driving under the influence in violation of Bay Village Cod. Ord. 333.01, a first degree misdemeanor. The judge imposed a $350 fine and a 180 day license suspension, although she credited Moore with 116 days that he had already incurred under an administrative license suspension. Moore submits two assignments of error, which are included in an appendix to this opinion.
 {¶ 5} We need not address either assignment of error, however, because the record shows that Moore did not request a stay of the sentence, and he has paid the fine and served his license suspension. When a defendant voluntarily satisfies a misdemeanor sentence, "an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction."[4] This rule is no less applicable to convictions for driving under the influence than it is for other misdemeanors,[5] and Moore has failed to argue or present evidence that the conviction subjects him to a collateral disability sufficient to allow this appeal. Moreover, we note that the Berndt court rejected a claim that the possible enhancement of a future offense was a qualifying collateral disability, because "no such disability will exist if [the defendant] remains within the confines of the law."[6]
Therefore, the appeal is moot.
Appeal dismissed.
 APPENDIX — ASSIGNMENTS OF ERROR {¶ 6} "I. The actions of defendant, Louis Moore[,] do notconstitute weaving under the statute[.]
 {¶ 7} The trial court committed plain error when it based it's[sic] decision on evidence contrary to testimony given by thearresting officer[.]"
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Cooney, J., Concur.
[1] Bay Village Cod. Ord. 333.01.
[2] Bay Village Cod. Ord. 331.34(B).
[3] R.C. 4511.19.
[4] State v. Golston, 71 Ohio St.3d 224, 226, 1994-Ohio-109,643 N.E.2d 109, citing State v. Berndt (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712.
[5] Berndt, 29 Ohio St.3d at 3-4.
[6] Id. at 4-5.