JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant David Terry ("defendant") appeals from the judgment of the trial court, which found him guilty of negligent assault. The defendant was indicted on January 13, 2002 for one count of felonious assault in violation of R.C. 2903.11, with firearm specifications in violation of R.C. 2941.141 and R.C. 2941.145. On September 11, 2002, the defendant waived his right to a trial by jury and the matter proceeded to a bench trial. The trial court found the defendant guilty of negligent assault in violation of R.C. 2903.14, a misdemeanor of the third degree. The trial court sentenced the defendant to sixty days in jail, which were suspended and six months probation.
 {¶ 2} In this case, because the defendant's misdemeanor sentence is completed, we sua sponte find his appeal moot and dismiss it on the authority of State v. Golston (1994), 71 Ohio St.3d 224. Where a criminal defendant has been convicted of a misdemeanor and has voluntarily satisfied his or her judgment for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights. State v. Golston, supra, citingState v. Wilson (1975), 41 Ohio St.2d 236 and State v. Berndt (1987),29 Ohio St.3d 3. There is no evidence in the record that the defendant's misdemeanor conviction will impose a "collateral disability or loss of civil rights" upon him and the defendant does not argue or present evidence regarding this issue.
Appeal dismissed.
COLLEEN CONWAY COONEY, J., AND SEAN C. GALLAGHER, J., CONCUR.