JOURNAL ENTRY AND OPINION
{¶ 1} The Bedford Municipal Court entered a judgment of conviction against defendant Joseph Gabarik finding him guilty of one count of domestic violence, a second degree misdemeanor (Gabarik had a prior domestic violence conviction which raised the degree of this offense). The court sentenced Gabarik to 90 days in jail and fined him $750.00.[1] Gabarik appeals, claiming that counsel performed ineffectively in several respects and that his conviction was against the manifest weight of the evidence.
 I {¶ 2} The city established that Gabarik lived with the victim. The victim worked nights, and on the night in question arrived at the apartment they shared at about 4:00 a.m. She said that Gabarik was angry that she arrived home so late. He asked where she had been and, being dissatisfied with her response, told her that he would beat the answer out of her until she was dead. The argument escalated to the point where Gabarik began throwing picture frames, pillows and cassette tapes at her. The victim locked herself in the bathroom and called the police, but Gabarik disconnected the telephone in the middle of the call. The police arrived and calmed Gabarik, eventually telling the victim she could exit the bathroom. The victim gave the police a statement and then went to a neighbor's apartment. At around 9:00 a.m. that same day, the victim went back to the apartment she shared with Gabarik. She testified that Gabarik immediately began hitting her, so she called the police again. This time, the police arrested Gabarik. The domestic violence charge arose from the first incident.
 {¶ 3} Gabarik defended by showing that the victim had been using his car, and her delay in arriving home from work caused him to worry. He testified that she appeared to be using crack cocaine, and that he calmly tried to establish why she had been so late in arriving. He denied hitting the victim, and further denied raising his voice to her.
 II {¶ 4} To establish ineffective assistance, Gabarik must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance actually prejudiced the defendant. Strickland v. Washington
(1984), 466 U.S. 668.
 A {¶ 5} Gabarik first argues that trial counsel performed ineffectively by failing to request a jury trial. While acknowledging that this failure would ordinarily not be sufficient to establish the violation of an essential duty by counsel, he claims that the court's awareness of his prior domestic violence conviction would have denied him a "fair shake" at trial.
 {¶ 6} We assume that Gabarik believes that the court could not hear the case without using the prior conviction as a basis for guilt in the subsequent case. We firmly reject this argument. The courts are presumed to follow the law in all respects, including the proper use of prior convictions, unless there is evidence proving otherwise. See State v. Slatton, Butler App. No. CA202-01-009, 2002-Ohio-5608, at ¶ 19. Gabarik offers absolutely no evidence from which we could find that the court improperly considered a prior conviction as evidence of guilt, so he has failed to show that counsel violated an essential duty.
 B {¶ 7} Gabarik also argues that counsel failed to subpoena the officers who first arrived at the scene. The two officers who did testify were those who arrived after the second telephone call to the police. Gabarik complains that since no arrest occurred after the first incident, the officers must not have believed that any crime occurred. This argument dovetails into the third aspect of Gabarik's ineffective assistance of counsel argument — that counsel was unprepared for trial because counsel mistakenly believed the charge stemmed from the second police visit to the apartment when, in fact, it stemmed from the first police visit.
 {¶ 8} We agree with Gabarik that counsel went into trial mistakenly believing that Gabarik was being tried on facts relating to the second police response. As the charge against Gabarik very clearly stated facts stemming from the first police response, counsel obviously went to trial defending the wrong incident. Indeed, this likely explains counsel's failure to subpoena the officers who made the first visit to Gabarik's apartment. This error meant that counsel's performance fell below an objective standard of reasonableness.
 {¶ 9} Nevertheless, that finding is only one part of a two-part test: Gabarik still must show that but for counsel's error there is a reasonable probability that, were it not for counsel's error, the outcome of trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, at paragraph three of the syllabus.
 {¶ 10} We cannot say that the outcome of trial would have been different had counsel defended the correct charge. This was a very simple case, the issue being whether Gabarik threatened to "beat an answer out of [the victim] until she was dead." This question turned on the court's assessment of the witnesses. We will address the weight of the evidence in the next section of this opinion, but for our purposes here, the court heard testimony from the victim on the circumstances surrounding Gabarik's conduct. In fact, the trial transcript shows that counsel thoroughly examined the witnesses on the first incident. Gabarik offers nothing to show how any other questions or strategy would have resulted in a different verdict.
 {¶ 11} Moreover, even had the court heard testimony from the officers responding to the first call, we fail to see how that testimony would have assisted the defense. The officers did not witness the acts forming the substance of the charge against Gabarik. They could only testify to what they saw when they arrived. That would have been that the victim had locked herself in a bathroom in order to protect herself. When she exited the bathroom, the victim said that she asked the police officers not to arrest Gabarik. The officers had not witnessed any domestic violence occurring, so they could not swear out a complaint independently from the victim. None of this convinces us that there was any chance, much less a reasonable probability, that the outcome of trial would have been different had the officers testified.
 III {¶ 12} Finally, Gabarik argues that the judgment of conviction is against the manifest weight of the evidence because the victim's testimony was unbelievable. He argues that had an actual threat been made against her life, the victim would not have returned to the apartment just hours later.
 {¶ 13} Our inquiry into issues concerning the weight of the evidence is to determine whether the trier of fact "lost its way" in reaching a factual conclusion to the point where a manifest injustice has occurred and the evidence weighs heavily against conviction. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 77. We do so by considering the entire record, the evidence and the credibility of all the witnesses. We remain mindful that the trier of fact is in the best position to assess the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 231, paragraph one of the syllabus.
 {¶ 14} The victim's decision to return to the apartment does not cause us to question her veracity. Gabarik and the victim had a long history of domestic violence, with both the victim and Gabarik testifying that they had called the police many times. Despite this history, their relationship continued until the events giving rise to this domestic violence charge. This may explain why the victim chose to return to the apartment when threats had been made. While we can only speculate about why the victim returned, the fact remains that the victim called the police only to have the call disconnected by Gabarik. The police did respond to the apartment and found the victim locked in the bathroom for her own safety. The court could well have credited that testimony when deciding whether the victim testified truthfully about Gabarik's threat. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., concurs.
McMonagle, J., concurs in judgment only.
[1] In his merit brief, Gabarik asserts that he has served his 90-day sentence "and has satisfied the sentence with the trial court." Appellant's brief at 2. Ordinarily, an offender's admission that a misdemeanor sentence has been fully served, with no evidence from which an inference can be drawn that the offender will suffer some collateral disability or loss of civil rights from such judgment or conviction, would raise mootness concerns. See State v. Berndt (1987), 29 Ohio St.3d 3, 4;State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. The record shows, however, that the court ordered Gabarik to pay $750 and that, as of July 6, 2005, Gabarik still owed fines and court costs totaling $843.25. Hence, the record judgment against him has not been fully satisfied; therefore, this appeal is not moot.