[Cite as *State v. Choice*, 2012-Ohio-197.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                   :          C.A. CASE NO.    24622

v.                                     :          T.C. NO.    10CR3028/1

ANTHONY D. CHOICE                      :          (Criminal appeal from
                                                  Common Pleas Court)
    Defendant-Appellant                  :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of ___January___, 2012.

. . . . . . . . . .

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. No. 0085084, 257 Regency Ridge Drive, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Anthony D. Choice appeals his conviction and sentence for one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree;

and one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the third degree. Choice filed a timely notice of appeal with this Court on May 4, 2011.

I

{¶ 2} On November 19, 2010, Choice was indicted for one count of robbery (physical harm), in violation of R.C. 2911.02(A)(2), a felony of the second degree, and one count of theft of a firearm, in violation of 2913.02(A)(1), a felony of the third degree. On April 13, 2011, the charges against Choice were amended by a Bill of Information to one count of assault, a first degree misdemeanor, and one count of criminal damaging, a second degree misdemeanor. Choice subsequently pled guilty to both misdemeanor counts at a hearing held on April 14, 2011. At the plea hearing, the trial court stated that it was inclined to sentence Choice to community control sanctions on both counts if he maintained good behavior and refrained from committing other crimes.

{¶ 3} Prior to his sentencing hearing on May 2, 2011, Choice was charged with aggravated burglary and a weapons offense. At the sentencing hearing, the trial court determined that the new charges constituted a violation. Thus, the trial court refused to sentence Choice to community control sanctions as agreed upon at the plea hearing. Thereupon, Choice orally moved to withdraw his guilty pleas. The trial court overruled Choice's motion to withdraw and sentenced him to a term of 180 days in jail for the assault offense and ninety days in jail for the criminal damaging offense, the sentences to be served concurrently.

{¶ 4} It is from this judgment that Choice now appeals.

II

{¶ 5} Choice advances the following assignments of error:

{¶ 6} "THE TRIAL COURT ERRED BY NOT HOLDING A HEARING AFTER DEFENDANT'S MOTION TO WITHDRAW HIS PLEA BEFORE SENTENCE WAS IMPOSED."

{¶ 7} "THE COURT CREATED A MANIFEST INJUSTICE BY FAILING TO CONDUCT A HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶ 8} Upon review, we find it unnecessary to address the merits of Choice's appeal. As we noted in *City of Dayton v. Elifritz* (Feb. 6, 2004), Montgomery App. No. 19603, 2004-Ohio-455, it is well settled that "where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed on him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." *State v. Golston* (1994), 71 Ohio St.3d 224, 226, 643 N.E.2d 109, citing *State v. Wilson* (1975), 41 Ohio St.2d 236, 325 N.E.2d 236, and *State v. Berndt* (1987), 29 Ohio St.3d 3, 504 N.E.2d 712.

{¶ 9} There is no evidence in the record that Choice filed a motion to stay his sentence pending the appeal in this matter, and there is no journal entry either denying or staying execution of his sentence. As previously noted, the trial court ordered Choice to begin his aggregate 180-day sentence on May 2, 2011, placing his release date sometime in early November, 2011. Pursuant to a termination entry filed on May 6, 2011, Choice received fifty-six days of jail-time credit, actually placing his release date in early

September, 2011. Accordingly, we find that Choice has completed his jail sentence. Nothing in the record suggests that he has suffered some collateral legal disability or loss of civil rights as a result of his misdemeanor convictions for assault and criminal damaging. Thus, we dismiss the present appeal as moot.

Appeal dismissed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Laura M. Woodruff
Wilmer J. Dechant, Jr.
Hon. Timothy N. O'Connell