[Cite as *State v. Root*, 2015-Ohio-3509.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26393 |
| | : | |
| v. | : | Trial Court Case No. 2014-CRB-5366 |
| | : | |
| DAVID N. ROOT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2015.

. . . . . . . . . .

JOSHUA T. SHAW, Atty. Reg. No. 0087456, Assistant City Prosecutor, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

REBEKAH S. SINNOTT, Atty. Reg. No. 0072093, 115 North Main Street, Suite F, Urbana, Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, David N. Root, appeals from the conviction and sentence he received in the Dayton Municipal Court after pleading guilty to one count of receiving stolen property. In proceeding with the appeal, Root's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

{¶ 2} On July 18, 2014, Root was charged by complaint with one count of theft in violation of R.C. 2913.02(A)(1), as well as one count of receiving stolen property in violation of R.C. 2913.51(A), both misdemeanors of the first degree. At his arraignment, the trial court informed Root that he would be appointed counsel from the public defender's office and that a not-guilty plea would be entered on his behalf. Root then attempted to address the court, but was ordered multiple times to step back and not speak. Instead of complying, Root insisted that he should be able to speak and called court personnel "damn idiots." Arraignment Trans. (July 18, 2014), p. 4. Thereafter, Root was removed from the courtroom for a brief moment and then brought back before the court.

{¶ 3} Upon Root's return, the trial court again ordered him to stop speaking and explained that he was disrupting the proceedings and being disrespectful to court personnel. In response, Root tried to explain himself and continued speaking despite the trial court ordering him not to do so. As a result of his behavior, the trial court held Root in contempt of court and sentenced him to five days in jail on the contempt finding.

At the close of the proceeding, the defense counsel who was temporarily representing Root at the arraignment indicated that Root's competency may be an issue.

{¶ 4} After being appointed defense counsel and serving his five-day jail term, on July 29, 2014, Root appeared in court and pled guilty to receiving stolen property in exchange for the State dismissing the theft charge. The trial court then ordered a presentence investigation report and continued Root's bond pending the preparation of the report and the sentencing hearing, which took place on August 19, 2014. At the sentencing hearing, the trial court ordered Root to serve 180 days in jail, suspended 40 of those days, and credited Root with 33 days already served for a total jail term of 107 days.

{¶ 5} On September 15, 2014, Root filed a notice of appeal from his conviction and sentence and requested the appointment of appellate counsel. Following the appointment of counsel, on April 17, 2015, Root's appellate counsel filed an *Anders* brief indicating that there were no issues with arguable merit to present on appeal. On April 21, 2015, we notified Root that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Root did not file a pro se brief.

{¶ 6} Our task in this case is to conduct an independent review of the record as prescribed by *Anders*, 386 U.S. 738, 87 S .Ct. 1396, 18 L.Ed.2d 493. In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at

744. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7.

{¶ 7} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 8} In conducting our independent review, Root's appellate counsel has requested that we consider three potential assignments of error, the first of which states:

THE TRIAL COURT ERRED [WHEN] IT FOUND THE DEFENDANT IN CRIMINAL CONTEMPT OF COURT AND SENTENCED HIM TO FIVE DAYS IN JAIL.

{¶ 9} Under the first potential assignment of error, Root's counsel suggests that the trial court may have abused its discretion in finding Root in contempt of court and sentencing him to five days in jail. We find this claim lacks arguable merit, as it is moot since Root completed his five-day jail term for the misdemeanor contempt charge.

{¶ 10} "[I]t is well settled that 'where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed on him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from

which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.' " *State v. Choice*, 2d Dist. Montgomery No. 24622, 2012-Ohio-197, ¶ 8, quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). *See Springfield v. Myers*, 43 Ohio App.3d 21, 25-26, 538 N.E.2d 1091 (1988) (dismissing an appeal from a direct contempt citation as moot because the sentence had already been served). "The burden of proof is on the defendant to establish at least an inference that he will suffer some collateral disability or loss of civil rights." (Citations omitted.) *Myers* at 26. In this case, there is nothing in the record to suggest that Root will suffer any collateral disability or loss of civil rights. Therefore, since Root completed his five-day jail term for the contempt charge, we conclude that this issue is moot and lacks arguable merit.

{¶ 11} The second potential assignment of error raised by Root's appellate counsel is as follows:

THE TRIAL COURT ERRED WHEN IT DEPRIVED THE DEFENDANT OF

THE OPPORTUNITY [TO] REPRESENT HIMSELF AND PLEAD GUILTY

AT ARRAIGNMENT.

{¶ 12} Under the second potential assignment of error, Root's counsel suggests that Root may have invoked his right of self-representation at the arraignment hearing, and if he did, the trial court erred in failing to give him the opportunity to represent himself and plead guilty. We find this claim lacks arguable merit, as it is also moot since Root eventually pled guilty and suffered no prejudice.

{¶ 13} In addition, " '[t]he constitutional right of self-representation is waived if it is

not timely and unequivocally asserted.' " *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 38, quoting *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir.1990). A request for self-representation is not unequivocal when made in the manner of expressing frustration. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112*,* ¶ 73, citing *Reese v. Nix*, 942 F.2d 1276, 1281 (8th Cir.1991). Additionally, "a request for self-representation is not unequivocal if it is a ' "momentary caprice or the result of thinking out loud[.]" ' " *Id.*, quoting *Jackson at* 888, quoting *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir.1989).

{¶ 14} In this case, counsel suggests that Root attempted to invoke his right to self-representation when he made the following statements during his arraignment:

> Mam I was just going to ask you, Mam. I am going to plead guilty to this as soon as I can. I understand I was in possession of it. Ok, now I want to plead guilty because I am guilty. And on that please let me talk today. Please let me act by myself. You guys are only suppose[d] to act and tell me what to say. You weren't suppose[d] to talk for me. You don't…it's not you. This is me. This is my freedom we're talking about.

Arraignment Trans. (July 18, 2014), p. 5.

{¶ 15} We do not find that the foregoing statements unequivocally asserted Root's right to self-representation. Rather, these statements merely express Root's frustration with the fact that he was not being allowed to speak for himself at the arraignment. More importantly, at no point in time did Root state that he did not want to be represented by counsel. When the trial court advised Root that defense counsel would be appointed to him from the public defender's office, Root did not take any issue with having counsel

appointed. For the foregoing reasons, the second potential assignment of error raised by Root's appellate counsel lacks arguable merit.

{¶ 16} The third and final potential assignment of error raised by Root's appellate counsel is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO SUA SPONTE ORDER A COMPETENCY HEARING.

{¶ 17} Under the third potential assignment of error, Root's appellate counsel suggests the trial court may have erred in failing to hold a competency hearing sua sponte due to Root's behavior at the arraignment and his temporary defense counsel's statement that competency may be an issue. We find that this claim lacks arguable merit as well.

{¶ 18} "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Thomas*, 97 Ohio St.3d 309, 315, 779 N.E.2d 1017 (2002), citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). A defendant is presumed competent to stand trial unless it is proven, by a preponderance of the evidence, that the defendant is incapable of understanding the nature and objective of the proceedings or of assisting in his defense. R.C. 2945.37(G). The prosecution, defense, or trial court may raise the issue of a defendant's competence to stand trial. R.C. 2945.37(B).

{¶ 19} A competency hearing is mandatory under R.C. 2945.37(B) only if the issue of competency is raised prior to trial. *State v. Smith*, 89 Ohio St.3d 323, 329, 731 N.E.2d 645 (2000). The burden is on the defendant to put forth sufficient evidence to rebut the presumption of competence. *State v. Williams*, 23 Ohio St.3d 16, 28, 490 N.E.2d 906 (1986); *State v. Potchik*, 2d Dist. Montgomery No. 23865, 2011-Ohio-501, ¶ 24.

Whether to conduct a competency hearing sua sponte under R.C. 2945.37(B) is left to the trial court's discretion. *Smith* at 329. "A trial court must conduct a competency hearing where there are sufficient indicia of incompetency to call into question the defendant's competency to stand trial." *Potchik* at ¶ 24, citing *Berry* at 359. "In determining whether to sua sponte conduct a competency hearing the trial court should consider the following factors: doubts expressed by defense counsel as to his client's competency, evidence of irrational behavior, and any prior medical opinions known to the court concerning the defendant's competency." (Citation omitted.) *State v. Scurlock*, 2d Dist. Clark No. 2002-CA-34, 2003-Ohio-1052, ¶ 76.

{¶ 20} We also note that incompetency is not "equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶ 21} In this case, the record establishes that Root did not display sufficient indicia of incompetence during the trial court proceedings to warrant a competency hearing. While Root's behavior during the arraignment was disruptive, there were no signs that Root did not understand the nature of the charges he was facing or that he was unable to assist in his defense. In fact, Root demonstrated an understanding of the receiving stolen property charge when he stated that: "I understand that I was in possession of it. Ok, now I want to plead guilty because I am guilty. * * * Yes I was guilty of possession of it." Arraignment Trans. (July 18, 2014), p. 5 and 6. Although Root's temporary defense counsel raised a potential competency issue at the close of the

arraignment, the counsel who was later appointed to Root from the public defender's office (who presumably spent more time with Root in assisting him negotiate his plea agreement) never raised competency as an issue.

{¶ 22} Furthermore, Root's behavior at both the plea and sentencing hearings also did not exhibit sufficient indicia of incompetence, as there was again no indication that Root was unable to understand the nature of those proceedings or assist in his defense. Specifically, during the plea hearing, Root had no problem answering the trial court's questions and was even able to provide sufficient information to convince the court to reduce his bond. Because Root did not display sufficient indicia of incompetence at any of the trial court proceedings, the third potential assignment of error raised by Root's counsel lacks arguable merit.

{¶ 23} Having conducted an independent review of the record pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we agree with Root's appellate counsel that there are no issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Joshua T. Shaw
Rebekah S. Sinnott
David N. Root
Hon. Christopher D. Roberts